Filed 12/4/25  P. v. Larson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083509 |
| v. | (Super.Ct.No. RIF141446) |
| JON WARREN LARSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with instructions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Jon Warren Larson appeals from the Riverside County Superior Court's order resentencing order made pursuant to Penal Code section 1172.75.[1] He argues the revised penalty provisions set forth in the Three Strikes Reform Act of 2012 (section 1170.12 or Reform Act) should apply when a person is resentenced pursuant to section 1172.75. We agree and reverse.

## BACKGROUND

In July 2009, a jury found defendant guilty of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a), count 1). In a bifurcated proceeding, the trial court found true four prison prior enhancements (§ 667.5, subd. (b)), and two prior strike allegations (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)).

At the sentencing hearing, the trial court struck two of defendant's four prison priors and sentenced him to an indeterminate term of 25 years to life in prison under the "Three Strikes" law (§ 667, subd. (e)(2)(A)) on count 1 plus a determinate term of two years for the remaining prison priors to run consecutive to and before the term imposed for count 1.

After section 1172.75 became effective on January 1, 2022[2] defendant was included in a CDCR (California Department of Corrections and Rehabilitation) list of

---

[1] All further statutory references are to the Penal Code.

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

persons in custody who were sentenced in Riverside County and considered to be eligible for resentencing relief under section 1172.75 because of a prison prior.[3]

In September 2023, the trial court recalled defendant's sentence, struck defendant's prison priors as legally invalid under section 1172.75, subdivision (a), sentenced him to 25 years to life but, on defendant's motion, continued the matter for further resentencing. At the continued hearing, the court declined to reduce defendant's sentence because of his criminal record and because, although his conduct while incarcerated was in some instances laudable, it was not in other occasions. The court again imposed an indeterminate sentence of 25 years to life.

## DISCUSSION

On appeal, defendant argues, and the People concede, that the revised penalty provisions set forth in the Reform Act apply when a person is resentenced pursuant to section 1172.75 and, accordingly, the court was not authorized to impose a sentence of 25 years to life. We agree.

Until 2012, California's Three Strikes law provided that persons convicted of any felony who had previously been convicted of two or more serious violent felonies would be sentenced to a term of 25 years to life. (Former § 1170.12, subd. (c)(2)(A), added by Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994).) In 2012, voters enacted the

---

[3] On our own motion, we take judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augment the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 21 of that document.

Reform Act, which limits the trial court's authorization to impose indeterminate third strike life sentences to only certain types of cases not involved here.[4]

When the Legislature enacted section 1172.75, it made clear that, when a defendant is being resentenced under that provision, the trial court is required to apply the sentencing rules of the Judicial Council and any other changes in law that reduce sentences.  (§ 1172.75, subd. (d)(2).)  Until recently, however, California's appellate courts found that applying the revised penalty provisions of the Reform Act to reduce a person's indeterminate life term to a determinate term when that person is being resentenced under section 1172.75 in effect unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved Reform Act.  (E.g., *People v. Superior Court* (*Williams*) (2024) 102 Cal.App.5th 1242, 1250, review granted Aug. 28, 2024, S286128; *People v. Kimble* (2024) 99 Cal.App.5th 746, 758–759, review granted Apr. 24, 2024, S284259; *People v. Santos* (2024) 100 Cal.App.5th 666, 676–677, review granted May 29, 2024, S284341.)

While defendant's appeal was pending, the California Supreme Court rejected the notion that application of the Reform Act does not apply when the trial court resentences

---

[4] A sentence of 25 years to life is authorized under subdivision (c)(2)(A)(ii) of section 1170.12 if (i) a person's current offense is a controlled substance charge involving large quantities, one of the various sex offenses set forth in the statute, or one in which the person used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury; or, (ii) the person was previously convicted of any of a number of offenses listed in the statute such as sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death.  (§ 1170.12, subd. (c)(2)(C).)

a defendant pursuant to section 1172.75 in *People v. Superior Court* (*Guevara*) ( 2025) 18 Cal.5th 838, 850.)

Here, defendant was convicted of violating subdivision (a) of section 273.5, a crime that is not classified as serious or violent. Accordingly, when the trial court resentenced defendant, it was subject to the limitations imposed by the Reform Act, which does not authorize the court to impose an indeterminate term of 25 years to life for defendant's offense.

## DISPOSITION

The sentence is vacated. The matter is remanded with instructions to resentence defendant in a manner consistent with the views expressed in this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

5